James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
HEATHER BARTELL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| HEATHER BARTELL, an individual, | Case No. 3:14-cv-04238-RS |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, a Delaware Statutory Trust, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; MICHAEL KAHN, individually and in his official capacity; and NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* |
| Defendants. | |
| _____/ | |

Plaintiff HEATHER BARTELL, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

<u>INTRODUCTION</u>

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers for Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and the Rosenthal

FDCPA, California Civil Code § 1788 *et seq*. (RFDCPA), which prohibit debt

collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

<u>JURISDICTION</u>

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

FIRST AMENDED COMPLAINT

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

PARTIES

8. Plaintiff HEATHER BARTELL ("Bartell") is a natural person residing in San Francisco County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3 (NCT) is a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. NCT may be served by serving its  Registered Agent, Wilmington Trust Company, whose business address is Rodney Square North, 1100 N Market St., Wilmington, DE 19890. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

10. Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (P&F) is a California corporation engaged in the business of collecting debts in this State with its principal place of business located in California at 4545 Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. P&F may be served by serving

FIRST AMENDED COMPLAINT

1  its Registered Agent, Raymond Patenaude, whose business address is 4545

2  Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. The principal

3  business of P&F is collection of consumer debts and filing and maintaining civil

4  debt collection lawsuits and obtaining judgments in those cases by utilizing the

5  U.S. Mail, telephone and internet. P&F regularly collects, directly or indirectly,

6  consumer debts it acquires in default (or has treated the debt as if it were in default

7  at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt

8  collection lawsuits. P&F is a "debt collector" within the meaning of 15 U.S.C. §

9  1692a(6) and Cal. Civil Code § 1788.2(c).

10      11. Defendant MICHAEL KAHN ("KAHN") is a natural person and licensed

11  attorney in the State of California and is or was an employee and/or agent of P&F

12  at all relevant times. The principal purpose of KAHN's business is the collection of

13  consumer debts due or alleged to be due to another.  KAHN may be served at his

14  current business address which is 4545 Murphy Canyon Road, 3rd Floor San

15  Diego, CA 92123-4363. KAHN is engaged in the business of  collection of consumer

16  debts and filing and maintaining civil debt collection lawsuits and obtaining

17  judgments in those cases by utilizing the U.S. Mail, telephone and internet. KAHN

18  regularly collects, directly or indirectly, consumer debts alleged to be due to

19  another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. KAHN

20  is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code

21  § 1788.2(c).

22      12. Defendant NCO Financial Systems, Inc. (NCO) is a Pennsylvania

23  corporation, registered with the California Secretary of State with an address of

24  Attn: Mayas Erickson, 3850 N. Causeway Blvd., Suite 200, Metairie LA 70002.

25  NCO may be served by serving CT Corporation System, 818 West Seventh St., 2d

26  Floor, Los Angeles CA 90017. NCO is engaged in the business of collection of

27  consumer debts and hiring attorneys to file and maintain civil debt collection

28  lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail,

telephone and internet. Plaintiff is informed and believes and thereon alleges that NCO directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. NCO claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, NCO executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiff is informed and believes, and thereon alleges, that NCO provided information about plaintiff to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiff is informed and believes and thereon alleges that NCO provided residence address information to P&F and NCO provided documents to P&F purporting to establish that Plaintiff was in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiff. NCO provided an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff. NCO regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

14. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

15. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

16. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## **FACTUAL ALLEGATIONS**

### The Underlying Alleged Debt

17. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

18. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the

original creditor and later claimed by an entity known as National Collegiate Student Loan Trust 2005-3, a Delaware statutory trust (hereinafter "NCT").

19. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants P&F and KAHN for collection from Plaintiff.

### *The Telephone Message Left for Plaintiff*

20. On or about September 19, 2013, an employee or agent of Defendant P&F left a voice message for Plaintiff. P&F's employee or agent left the message without meaningful disclosure of caller's identity and failed to disclose in the initial oral communication that the caller was a debt collector attempting to collect a debt.[1]

21. Plaintiff looked up the telephone number and determined that it was a number used by P&F. On September 20, 2013, Plaintiff called the telephone number and stated to the person answering on behalf of P&F that Plaintiff was a disabled veteran and that her income, consisting solely of disability benefits, was not subject to debt collection efforts.[2] As a result, Defendants were aware that Plaintiff was disabled within the meaning of California Civil Code sections 1761(g) and 3345.

### The *NCT v. Bartell* State Court Complaint

22. On or about November 4, 2013, Defendants filed a lawsuit in the Superior Court of San Francisco County, captioned *National Collegiate Student Loan Trust 2005-3 v. Heather Bartell, et al.*, Case No. CGC-13-535237 ("the *NCT v. Bartell* complaint"), which sought to collect $43,479.05 in damages, plus costs of suit.

---

[1] 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11); *see Costa v. National Action Financial Svcs* (E.D. Cal. 2007) 634 F. Supp.2d 1069, 1075 and *Hosseinzadeh v. M.R.S. Assocs., Inc.* (C.D. Cal. 2005) 387 F. Supp. 2d 1104, 1112

[2] California Code of Civil Procedure § 704.130.

23. A true and accurate copy of the *NCT v. Bartell* complaint is attached hereto, marked Exhibit 1, and by this reference is incorporated herein.

24. The *NCT v. Bartell* complaint (Exhibit 1) falsely states that Plaintiff became indebted directly to NCT.

25. In its First Cause of Action, the *NCT v. Bartell* complaint (Exhibit 1) falsely states that:

> BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): August 29, 2005 a written agreement was made made between (*name parties to the agreement*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) and HEATHER BARTELL

> The essential terms of the agreement are as follows:

> Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses.

26. At no time has there been a written agreement between Plaintiff and NCT nor has Plaintiff breached any written agreement with NCT.

27. In its Second Cause of Action, the *NCT v. Bartell* complaint falsely states that:

> CC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) alleges that defendant(s) (*name*): HEATHER BARTELL became indebted to plaintiff:

> a. within the last four years

> (2) because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff;

> b. within the last four years

> (6) This cause of action is based upon account number XXXXX2641/002-001000 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

28. At no time was an account stated in writing between NCT and Plaintiff nor have Plaintiffs ever agreed that they were indebted to NCT.

29. At no time did Plaintiff become directly indebted to NCT, as alleged in the *NCT v. Bartell* complaint (Exhibit 1).

30. The *NCT v. Bartell* complaint (Exhibit 1) fails to identify the original creditor. At this time, Plaintiff does not know the identity of the original creditor. At one point in BC-1 of the First Cause of Action, the complaint (Exhibit 1) alleges that "Plaintiff is the assignee for consideration of this contract," thereby revealing that it was not in fact, the original creditor. However, under the least sophisticated consumer standard, the complaint (Exhibit 1) is confusing and misleading. In any event, the complaint fails to accurately identify the original creditor.

31. Plaintiffs are informed and believe, and thereon allege, that by failing to identify the original creditor in the *NCT v. Bartell* complaint (Exhibit 1), defendants made and used false, deceptive, and misleading material representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).[3]

32. Plaintiffs are informed and believe, and thereon allege, that by failing to identify the original creditor in the *NCT v. Bartell* complaint (Exhibit 1), defendants used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

33. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

---

[3] *See Tourgeman v. Collins Financial Services, Inc.*, 2014 WL 2870174 (C.A.9 (Cal.)) (Case No. 12-56783 (June 25, 2014)) and *Heathman v. Portfolio Recovery Associates*, LLC 2013 WL 3746111 (S.D. Cal. 2013)

34. Plaintiff is informed and believes, and thereon alleges, that the *NCT v. Bartell* complaint (Exhibit 1) misrepresented the character, amount and legal status of the alleged debt.

35. The *NCT v. Bartell* complaint (Exhibit 1) bears an image of a signature believed to be that of Defendant KAHN.

36. Plaintiff is informed and believes, and thereon alleges, that KAHN did not conduct a professional review of Plaintiff's account before drafting and filing the the *NCT v. Bartell* complaint (Exhibit 1) and sending it to Plaintiff.[4]

37. Plaintiff is informed and believes, and thereon alleges, that the *NCT v. Bartell* complaint (Exhibit 1) misrepresented the role and involvement of legal counsel.

38. Plaintiff is informed and believes, and thereon alleges, that the *NCT v. Bartell* complaint (Exhibit 1) misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

39. By drafting and filing the *NCT v. Bartell* complaint (Exhibit 1), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

40. Defendants filed the *NCT v. Bartell* complaint (Exhibit 1) in Superior Court for San Francisco County because it had evidence that Plaintiff resided in the City and County of San Francisco.

41. On about December 15, 2013, Defendants attempted to serve copies of the summons and complaint in the *NCT v. Bartell* state court lawsuit by means of a defective substitute service at Bartell's former residence in Berkeley, in the County of Alameda, State of California, where Plaintiff had not lived since March 31, 2009. The service purporting to be substitute service was defective because the person then residing at Plaintiff's former residence in Berkeley informed the process

---

[4]   *See Clomon v. Jackson* (2d Cir. 1993) 988 F.2d 1314 and *Avila v. Rubin* (7th Cir. 1996) 84 F.3d 222, 228-29.

FIRST AMENDED COMPLAINT

server that Plaintiff did not reside at the address, and the resident refused to accept the summons and complaint. However, Defendants filed a Proof of Service based on the defective service and attempted to obtain a default against Plaintiff.

42. Plaintiff is informed and believes and thereon alleges that Defendants did not conduct a reasonably diligent search for the residence address of plaintiff, and that Defendants should have known that the residence address in Berkeley was several years old, before they sent the process server to the Berkeley address.

43. On February 13, 2014, Defendants submitted a Request for Entry of Default to San Francisco Superior Court which declared that Plaintiff's last known address was something other than her address in San Francisco at that time. Again, Defendants failed to conduct a reasonably diligent search for the residence address of Plaintiff.[5]

44. At the time that the *NCT v. Bartell* state court lawsuit was purportedly served in Berkeley, in the County of Alameda, Plaintiff resided in the City and County of San Francisco.

45. On about February 15, 2014, Plaintiff found out about the lawsuit and that there was a proof of service on file with the court indicating that plaintiff had been served at her former residence in Berkeley, County of Alameda.

46. Plaintiff thereafter hired the undersigned attorney to represent her, thereby incurring actual damages in the form of attorney fees and costs of suit. Plaintiff filed a motion to quash service of the summons, which was granted.

47. Plaintiff has thus demonstrated through the state court proceeding quashing service of summons that Defendants attempted to collect a debt when plaintiff had not legally been served. Defendants cannot avoid liability simply by

---

[5]  CCP § 587 requires that a declarant conduct a thorough, systematic investigation and inquiry in good faith to locate the proper mailing address of a person against whom a default would be taken. *Slusher v. Durrer* (1977) 69 Cal. App. 3d 747, 755.

claiming that they hired an independent process server and thus did not "know" that service of process had not been legally effected.[6]

48. Plaintiff has also demonstrated through the state court proceeding quashing service of summons that Defendants attempted to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resided at the time such proceedings are instituted, or resided at the time the debt was incurred, in violation of Civil Code § 1788.15(b).

49. Defendants' multiple acts of misconduct during the litigation, including filing and prosecuting the complaint which falsely claimed that Plaintiffs had an agreement with NCT, failing to accurately identify the original creditor, seeking to collect a debt which NCT did not have the right to collect, and attempting to serve Plaintiff in a County other than where she resided, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[7] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[8]

50. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[9]

---

[6]   *Scott v. Kelkris* (E.D. Cal.) 2010 WL 4393274, *4; *Bishop v. Silva* (6th Dist. 1991) 234 Cal. App. 3d 1317, 1322.

[7]   15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[8]   *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[9]   *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

51. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

<u>CLAIMS</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

52. Plaintiff brings the first claim for relief against Defendants P&F, KAHN, and NCO under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

53. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

54. Plaintiff HEATHER BARTELL is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

55. Defendant NCO is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

56. Defendant P&F is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

57. Defendant KAHN is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

58.  The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

59. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. placing a telephone call without meaningful disclosure of caller's identity, in violation of 15 U.S.C. § 1692d(6);

b. failing to disclose in the initial oral communication that debt collector is attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11);

c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

d. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

e. falsely representing or implying that attorney KAHN had professionally reviewed Plaintiff's account when KAHN had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f. falsely representing the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

g. misrepresenting the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

h. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

60. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

61. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

62. Pursuant to California Civil Code § 3345, Plaintiff is entitled to an award of up to three times greater than the amount authorized by 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

63. Plaintiff bring the second claim for relief against Defendants NCT, P&F and NCO under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

64. Plaintiff incorporate all paragraphs in this Complaint as though fully set forth herein.

65. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

66. Defendant NCT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

67. Defendant P&F is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

68. Defendant NCO is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

69. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

70. Defendants NCT, P&F and NCO violated the RFDCPA, California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.16, 1788.17 and 1788.18(b) by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

c. falsely representing or implying that attorney KAHN had professionally reviewed Plaintiff's account when KAHN had not done so, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d. falsely representing the role and involvement of legal counsel, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

e. misrepresenting the true source or nature of the communication, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

g. use of judicial proceedings to collect a consumer debt without service of process, including attempting to obtain a judgment, in violation of Civil Code § 1788.15(a).

h. collecting or attempting to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred, in violation of Civil Code § 1788.15(b).

71. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

72. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

73. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

74. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

75. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

76. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

<u>REQUEST FOR RELIEF</u>

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant P&F violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

c) Declare that Defendants P&F, KAHN and NCO violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

d) Declare that Defendants NCT, P&F and NCO violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.15(b), 1788.17 and 1788.18(b);

e) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

h) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

(i) Award Plaintiff three times the amount authorized for statutory damages and statutory penalties as alleged above, pursuant to California Civil Code § 3345;

j) Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

k) Award Plaintiffs such other and further relief as may be just and proper.


DATED: December 22, 2014            _____/s/ James A. Michel_____
                                    JAMES A. MICHEL
                                    State Bar No. 184730
                                    2912 Diamond St #373
                                    San Francisco CA 94131
                                    Tel. # 415/ 239-4949
                                    Email: attyjmichel@gmail.com

                                    Attorney for Plaintiff
                                    HEATHER BARTELL



### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff HEATHER BARTELL hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


DATED: December 22, 2014            _____/s/ James A. Michel_____
                                    JAMES A. MICHEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

FIRST AMENDED COMPLAINT

**PLD-C-001(20)**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.** `8429 10101015 06 2013101015:25 PATENAUDE & FELIX (858) 836-0318   Page 14 of`<br>Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)<br>Michael D. Kahn, (#236898) / Tara Natarajan,(#263333) / Stephanie Boone, (#160182)<br>4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123<br>    TELEPHONE NO.: (858) 244-7600        FAX NO. *(Optional):* (858) 836-0318<br>E-MAIL ADDRESS *(Optional):*  Michael.Kahn@pandf.us<br>    ATTORNEY FOR *(Name):*  PLAINTIFF | FOR COURT USE ONLY<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>NOV 04 2013<br><br>CLERK OF THE COURT<br>BY: _Mary Ann Moran_<br>                Deputy Clerk<br><br>**M.A. MORAN** |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>    STREET ADDRESS:  400 MCALLISTER STREET.<br>    MAILING ADDRESS:<br> CITY STATE AND ZIP CODE:  SAN FRANCISCO CA 94102<br>    BRANCH NAME:  SAN FRANCISCO DIVISION - UNLIMITED CIVIL  CASE | |
| **PLAINTIFF:**  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)<br><br>**DEFENDANT(S):**  HEATHER  BARTELL,<br>☒  and DOES 1 through 15, inclusive | |

| CONTRACT | |
|---|---|
| ☒  **COMPLAINT**            ☐  **AMENDED COMPLAINT** *(Number):*<br>☐  **CROSS-COMPLAINT**   ☐  **AMENDED CROSS-COMPLAINT** *(Number)* | |

| | |
|---|---|
| **Jurisdiction** *(check all that apply):*<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br>   Amount demanded  ☐  does not exceed $10,000<br>                ☐  exceeds $10,000 but does not exceed $25,000<br>☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>      ☐ from limited to unlimited<br>      ☐ from unlimited to limited | CASE NUMBER:<br><br>**C G C - 1 3 - 5 3 5 2 3 7** |

1. **Plaintiff*** *(name or names):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)

alleges causes of action against **defendant(s)*** *(name or names):* HEATHER  BARTELL,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. a. Each plaintiff named above is a competent adult

  ☒ **except** plaintiff *(name):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)

    (1) ☐ a corporation qualified to do business in California

    (2) ☐ an unincorporated entity *(describe):*

    (3) ☒ other *(specify):* a Delaware Statutory Trust(s)

  b. ☐ Plaintiff *(name):*

    a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

    b. ☐ has complied with all licensing requirements as a licensed *(specify):*

  c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant(s) named above is a natural person

| | |
|---|---|
| ☐ **except** defendant *(name):*<br>  (1) ☐ a business organization, form unknown<br>  (2) ☐ a corporation<br>  (3) ☐ an unincorporated entity *(describe):*<br>  (4) ☐ a public entity *(describe):*<br>  (5) ☐ other *(specify):* | ☐ **except** defendant *(name):*<br>  (1) ☐ a business organization, form unknown<br>  (2) ☐ a corporation<br>  (3) ☐ an unincorporated entity *(describe):*<br>  (4) ☐ a public entity *(describe):*<br>  (5) ☐ other *(specify):* |

Page 1 of 2

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.                    14 of    Code of Civil Procedure, § 425.12

Form Approved for Optional Use                                    **COMPLAINT—Contract**
Judicial Council of California
PLD-C-001(20) [Rev. January 1, 2007]

CA_03B EFile Complaint Contract   **File By Fax**          P&F File No. 13-27348

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) VS.<br>HEATHER BARTELL, | CASE NUMBER: |
|---|---|

2139-101035596 2013101015:25 PATENAUDE & FELIX (858) 836-0318   Page 15 of

**4.** *(Continued)*

    b.  The true names of defendant(s) sued as Does are unknown to plaintiff.

       (1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

       (2) ☒ Doe defendant(s) *(specify Doe numbers):* 1 through 15_____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

**6.** ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

    a. ☐ a defendant(s) entered into the contract here.

    b. ☐ a defendant(s) lived here when the contract was entered into.

    c. ☒ a defendant(s) lives here now.

    d. ☐ the contract was to be performed here.

    e. ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☒ Breach of Contract

    ☒ Common Counts

☒     Other *(specify):* Refer to Other allegations in number 9.

**9.** ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

**10. Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☒ damages of: $43,479.05

    b. ☐ interest on the damages

       (1) ☐ according to proof

       (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c. ☐ attorney's fees

       (1) ☐ of:

       (2) ☐ according to proof.

    d. ☒ other *(specify):* For such other relief as the Court deems just and fair.

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: October 10, 2013

MICHAEL KAHN, ESQ._____     ▶ _____ **/S/**_____

      (TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

CA_03B EFile Complaint Contract    File By Fax    P&F File No. 13-27348

**PLD-C-001(1)**

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) vs.<br>HEATHER BARTELL, | CASE NUMBER: |
|---|---|

FIRST _____    **CAUSE OF ACTION—Breach of Contract**
     *(number)*

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)

    alleges that on or about *(date)*: August 29, 2005
    a ☒ written ☐ oral ☐ other *(specify)*:

    agreement was made between (name parties to agreement): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) and HEATHER BARTELL,

    ☐ A copy of the agreement is attached as Exhibit A, or
    ☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*:
Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee for consideration of this contract. The terms and conditions under which Defendant(s) agreed to repay Plaintiff for the monies loaned are set forth in a written contract and /or loan agreement between the parties. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by Defendant(s) taking possession of and using the monies provided by Plaintiff.

BC-2. On or about *(date)*:  December 01, 2010
    Defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
    *(specify)*:    Defendant(s) failed to make payments on the contract as agreed and, despite Plaintiff demand Defendant(s) continues to refuse to pay Plaintiff the amount owed under the contract. Defendant(s) is in default and, such under the terms of the contract Plaintiff is entitled to the unpaid balance, attorney's fees and costs.

BC-3. Plaintiff has performed all obligations to Defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by Defendant's breach of the agreement
    ☐ as stated in Attachment BC-4   ☒ As follows :
    1.  The principal sum of $43,479.05;
    2.  Costs of suit;
    3.  For such other and further relief as the Court deems just and fair.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statue
    ☐ of $
    ☐ according to proof:

BC-6. ☐ Other:

                                 Page _____ 3
                                     Page 1 of 1

                        16 of

Form Approved by the
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]        **CAUSE OF ACTION—Breach of Contract**        Code of Civil Procedures, § 425.12

CA_05B EFile Breach of Contract    **File By Fax**    P&F File No. 13-27348

PLD-C-001(2)

| SHORT TITLE:  2139-101035596 2013101015:25 PATENAUDE & FELIX (858) 836-0318 | CASE NUMBER: |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)  VS. HEATHER  BARTELL, | |

**SECOND** _____         **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO  ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.  Plaintiff *(name)*:  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S)

   alleges that Defendant(s) *(name)*: HEATHER  BARTELL,

   became indebted to   ☒ plaintiff  ☐ other *(name)*:

   a. ☒ within the last four years
      (1) ☐ on an open book account for money due.
      (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.
   b. ☒ within the last  ☐ two years  ☒ four years
      (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
      (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
         ☐ the sum of $
         ☐ the reasonable value.
      (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
         ☐ the sum of $
         ☐ the reasonable value.
      (4) ☐ for money lent by plaintiff to defendant at defendant's request.
      (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
      (6) ☒ other *(specify)*:  This cause of action is based upon account number XXXXX2641/002-001000 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed.  It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

CC-2.  $43,479.05, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest  ☐ according to proof  ☐ at the rate of _____ percent per year from *(date)*:

CC-3.  ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
         ☐ of $
         ☐ according to proof.

CC-4. ☒ Other:  For such other and further relief as the Court deems just and fair.

Page _____4_____
Page 1 of 1

| Form Approved for Optional Use Judicial Council of California PLD-C-001(2) [January 1, 2009] | **CAUSE OF ACTION—Common Counts** | Code of Civil Procedures, § 425.12 |
|---|---|---|

CA_05 EFile Common Counts       **File By Fax**       P&F File No. 13-27348