James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
HEATHER BARTELL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| HEATHER BARTELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, a Delaware Statutory Trust, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; MICHAEL KAHN, individually and in his official capacity; and NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation and DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____/ | Case No. 3:14-cv-04238 RS<br><br>PLAINTIFF HEATHER BARTELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>Date : March 12, 2015<br>Time : 1:30 p.m.<br>Ctrm : 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

Plaintiff HEATHER BARTELL respectfully submits this Memorandum of Points and Authorities in opposition to the motion to dismiss filed by Defendants National Collegiate Student Loan Trust 2005-3 (NCT) and NCO Financial Systems, Inc. (NCO):

I.     **INTRODUCTION**

Defendants NCT and NCO move to dismiss plaintiff's first amended complaint ("FAC") (Doc# 21) on grounds that it fails to state a claim upon which relief can be granted for three reasons:

1. Defendants argue that the complaint fails to state facts or make charging allegations against NCO;

2. Defendants argue that the California Rosenthal FDCPA cause of action is barred by California's litigation privilege; and

3. NCSLT properly alleged that it is the Assignee (and presumably failure to identify the original creditor was thus not misleading).

None of the arguments have merit. However, in response to Defendants' motion, Plaintiff has filed an amended complaint.

## II.   LAW AND ARGUMENT

### A.   *Standard on Motion to Dismiss under Rule 12(b)(6)*

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "`fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's allegations must be accepted as true, the complaint must be read "as a whole," and all reasonable inferences must be drawn in plaintiff's favor. *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011). And "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic v. Twombly*, *Ibid.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B.   *Plaintiff's First Amended Complaint States Facts and Charging Allegations Against NCO*

Defendant NCO first argues that the FAC fails to allege that NCO committed some act or omission in violation of the FDCPA.

On the contrary, the FAC alleges at paragraph 12, at line 26, as follows:

> ...NCO is engaged in the business of collection of consumer debts and hiring attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiff is informed and believes and thereon alleges that NCO directs and manages litigation on behalf of entities

*such as NCT, by referring NCT's cases to law firms such as P&F. NCO claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, NCO executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiff is informed and believes, and thereon alleges, that NCO provided information about plaintiff to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiff is informed and believes and thereon alleges that NCO provided residence address information to P&F and NCO provided documents to P&F purporting to establish that Plaintiff was in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiff. NCO provided an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff.* NCO regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

In addition, at paragraph 15, the FAC alleges that each of the Defendants is responsible in some manner for the occurrences alleged, and at paragraph 16, that each Defendant was the agent, servant, employer, etc. of each other Defendant and was at all times acting within the purpose and scope of such agency, servitude, etc. with the authority, consent, approval and ratification of each other Defendant.

It is well-settled that a debt collector is vicariously liable for the conduct of its agents, including attorneys. *Fox v. Citicorp Credit Servs.* (9th Cir. 1994) 15 F.3d 1507, 1516. See also *Cruz v. Int'l Collection Corp.* (9th Cir. 2012) 673 F.3d 991, 999.

The fact that NCO is not a party to the state court case or the loan contract in no way negates the fact that NCO is a debt collector assisting other debt collectors, as alleged at paragraph 12 of the FAC, and that NCO is liable for the acts of other debt collectors with whom NCO works as Subservicer of NCT.

As a result, the FAC states claims for relief against Defendant NCO.

### C. *The Litigation Privilege of Civil Code § 47(b)(2) Does Not Bar Plaintiffs' Rosenthal FDCPA Claim*

Defendants' reliance on the holding in *Boon v. Professional Collection Consultants*, 2013 WL 5687374 (S.D. Cal. Oct. 17, 2013) is misplaced. Defendants'

argument is that the litigation privilege of Civil Code § 47(b) bars any Rosenthal Act claim based solely on the filing of a complaint.

On the contrary, the California Court of Appeal addressed this argument in *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, at page 339-340. The California Court of Appeal held:

> We note that the Legislature specifically prohibited certain litigation related activity when it passed the Rosenthal Act in 1977, presumably aware of the extant broad litigation privilege in section 47.

Later at page 340 the Court of Appeal specifically stated:

> the [Rosenthal] Act's prohibitions of deliberate neglect of service of process (§ 1788.15, subd. (a)) and distant forum abuse (§ 1788.15, subd. (b)) would be nullified by the privilege. The Legislature presumably would not have included those protections in the Act if it intended for the privilege to apply.

*Komarova v. National Credit Acceptance, Inc., Ibid.*, at page 340. As a result, the argument in reliance on the District Court decision in *Boon* does not provide Defendants an escape from liability under the Rosenthal Act, because the California Court of Appeal held that the Legislature specifically passed the Rosenthal Act intending that it not be subject to the section 47 litigation privilege.

**In any event**, notwithstanding the holding in *Boon*, the FAC is not based solely on the filing of a state court complaint. The FAC alleges at paragraph 20 that defendants placed a telephone call without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6) and failed to disclose in the initial oral communication that debt collector was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11). The FAC's allegations at paragraph 20 are incorporated into the Rosenthal Act cause of action by dint of paragraphs 64 and 70 and Civil Code section 1788.17.

The FAC also alleges that defendants violated the Rosenthal Act's prohibitions concerning deliberate neglect of service of process (§ 1788.15, subd. (a)) and distant forum abuse (§ 1788.15, subd. (b)). Please see FAC, at paragraphs

40 through 51. As such, the FAC alleges independent, noncommunicative wrongful acts not based on the contents of the state court complaint. As a result, the FAC in this case is distinguished from the operative pleading analyzed in *Reyes v. Kenosian & Miele, LLP* (N.D. Cal. 2007) 525 F. Supp. 2d 1158, 1162.

The FAC alleges at paragraph 42 that defendants did not conduct a reasonably diligent search for plaintiff's residence address[1], and should have known that the Berkeley address was outdated. In spite of this, defendants filed the Request for Entry of Default based on the Proof of Service of Summons on the Berkeley address.

Plaintiff demonstrated through the state court proceeding quashing service of summons that Defendants attempted to collect a debt when plaintiff had not legally been served. Defendants cannot avoid liability simply by claiming that they hired an independent process server and thus did not "know" that service of process had not been legally effected. *Scott v. Kelkris* (E.D. Cal.) 2010 WL 4393274, *4; *Bishop v. Silva* (6th Dist. 1991) 234 Cal. App. 3d 1317, 1322.

Plaintiff has also demonstrated through the state court proceeding quashing service of summons that Defendants attempted to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resided at the time such proceedings are instituted, or resided at the time the debt was incurred, in violation of Civil Code § 1788.15(b).

The point of the incorrect county allegation is that defendants knew that Ms. Bartell resided in San Francisco or they would not have filed the complaint in that county. Service in Alameda County makes no sense unless defendants could point to evidence tending to lead to a reasonable inference that Ms. Bartell had just

---

[1] CCP § 587 requires that a declarant conduct a thorough, systematic investigation and inquiry in good faith to locate the proper mailing address of a person against whom a default would be taken. *Slusher v. Durrer* (1977) 69 Cal. App. 3d 747, 755.

moved to the Berkeley address. However, the FAC alleges that defendants should have known that the Berkeley address was several years old.

Finally, we know that Ms. Bartell did not reside in Alameda County at the time the debt was incurred because the first page of Exhibit A attached to the declaration of defendants' counsel, Damian P. Richard, shows that Ms. Bartell's residence when the loan agreement was signed was in Fallbrook, California, which is located in the County of San Diego.

Therefore, the section 47 litigation privilege does not bar Plaintiff's Rosenthal Act claims.

### D. NCT's Failure to Identify the Original Creditor and Alleging That BARTELL Contracted Directly with NCT Renders the State Court Complaint Misleading Under the Least Sophisticated Consumer Standard

As referenced in the Complaint, the recent decision by the Ninth Circuit Court of Appeals in *Tourgeman v. Collins Financial Services, Inc.*, 2014 WL 2870174 (C.A.9 (Cal.)) (Case No. 12-56783 (June 25, 2014)) has settled this issue. A complaint which fails to identify the original creditor, or which inconsistently pleads the identity of the original creditor, is misleading under the FDCPA's standard of the Least Sophisticated Consumer. *See also Heathman v. Portfolio Recovery Associates*, LLC 2013 WL 3746111 (S.D. Cal. July 15, 2013). The authorities cited by NCT and NCO with regard to inconsistent or alternative pleading are not cases filed under the FDCPA.

NCT cannot both be the original creditor and the assignee, yet that is what NCT's state court complaint alleged. The least sophisticated consumer could reasonably read the allegations stating that the consumer signed a loan agreement with NCT and conclude that the complaint mistakenly named the consumer as a defendant, if she in fact never had any loan agreement with NCT. The allegation by NCT that it is an "assignee under the contract" is well-hidden in a paragraph contained in BC-1 on page 3 of the state court complaint, as follows:

> BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): August 29, 2005 a written agreement was made made between (*name parties to the agreement*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, A DELAWARE STATUTORY TRUST(S) and HEATHER BARTELL
>
> The essential terms of the agreement are as follows:
>
> Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses. ***Plaintiff is the assignee for consideration of this contract.*** The terms and conditions under which Defendant(s) agreed to repay Plaintiff for the monies loaned are set forth in a written contract and / or loan agreement between the parties. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by Defendant(s) taking possession of and using the monies provided by Plaintiff.

NCT's allegation that it is the assignee (emphasized in **bold italics** above) is buried between two sentences stating the opposite, and surrounded by many other allegations that NCT was in fact the original creditor. No copy of the loan agreement was attached to the state court complaint, and as a result there would be nothing else to possibly refresh the consumer's recollection about the true identity of the loan.

Therefore, the state court complaint is misleading under the FDCPA Least Sophisticated Consumer standard.

### III.   CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss. Alternatively, Plaintiff seeks leave to amend.

DATED: February 18, 2015          \_\_\_\_/s/ James A. Michel_____
JAMES A. MICHEL
State Bar No. 184730
2912 Diamond St #373
San Francisco CA 94131
Tel. # 415/ 239-4949
Email: attyjmichel@gmail.com

Attorney for Plaintiff
HEATHER BARTELL