UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEATHER BARTELL,

           Plaintiff,

    v.

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-3, et al.,

           Defendants.

Case No.  14-cv-04238-RS

**ORDER DENYING MOTION TO
DISMISS**

## I. INTRODUCTION

Plaintiff Heather Bartell brings this action against defendants National Collegiate Student Loan Trust 2005-3 ("NCT"), NCO Financial Systems, Inc. ("NCO"), Patenaude & Felix ("P&F"), and Michael Kahn for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788 *et. seq.*  Bartell's First Amended Complaint ("FAC") avers that, in attempting to collect on a debt, defendants left her a voicemail message that failed to disclose their identity and purpose; alleged false and misleading claims in a state court action brought by NCT; and attempted to obtain a default judgment against her with the knowledge that she had not been properly served with the complaint.  Defendants NCT and NCO now move to dismiss on the grounds that (1) the FAC fails adequately to allege wrongdoing by NCO; (2) California's litigation privilege bars Bartell's RFDCPA claim; and (3) Bartell makes only spurious allegations that the state court complaint is misleading.  Favorably construed, however, the FAC offers averments sufficient to sustain a claim against these challenges.  NCO and NCT's motion must, therefore, be denied.

## II. BACKGROUND

On September 19, 2013, Bartell received a telephone voice message including neither the caller's identity nor a clear indication of the caller's purpose.  Upon tracing the number, she discovered the call came from P&F, a professional corporation that brings civil debt collection suits.  Bartell returned the call the next day and informed P&F that, as a disabled veteran whose income consists solely of disability benefits, she should not be subject to debt collection efforts.

That November, NCT, a statutory trust engaged in debt collection services that acts chiefly through its subservicer, NCO, filed a complaint in the Superior Court for San Francisco County against Bartell.  The complaint, Bartell avers, falsely alleges that she had failed to repay to NCT, per a written agreement between them, a student loan taken out on August 29, 2005, and seeks $43,479.05 in damages plus litigation costs.[1]  The complaint lists Kahn, an attorney in P&F's employ, as NCT's counsel.  It does not identify an original creditor other than NCT, but rather refers to NCT as both the party with whom Bartell entered into the loan agreement and as the assignee of rights under the agreement.

While the complaint identifies San Francisco County as the proper forum for suit as it is the defendant's current county of residence, NCT's sole attempt to provide Bartell with service of process took place at her former residence in Berkeley, where she last lived in 2009—not San Francisco—and involved no good-faith or systematic effort to find her current address.  Service of process failed when the current resident of the Berkeley address informed the process server that Bartell no longer lived there and refused to accept service on Bartell's behalf.  NCT nevertheless filed a proof of service with the superior court.[2]  Bartell therefore only learned of the action after NCT moved for entry of default against her in mid-February 2014.  She then successfully moved

---

[1] Bartell filed a copy of the state court complaint as Exhibit 1 to the FAC.  Such filings are appropriate for review on a motion to dismiss.  *See Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

[2] Bartell has commenced a separate action against the process server allegedly complicit in these events.  *Bartell v. Electronic Document Processing, Inc. et al*, No. 14-cv-05501-EDL (N.D. Cal. Dec. 16, 2014).

the superior court to quash NCT's service of summons.

Having commenced this action on September 18, 2014, Bartell maintains that she never contracted with NCT, and the debt NCT claims she owes is "nonexistent." FAC ¶¶ 26, 39. She believes a creditor whose identity is unknown to her, and is not revealed in the state court complaint, at some point transferred the purported loan to NCT. On NCT's behalf, NCO subsequently engaged P&F to collect on the debt. Accordingly, defendants "misrepresented the character, amount and legal status" of the "alleged debt," and employed "unfair or unconscionable means," "misleading representations," and "unfair and abusive practices" to collect on it, in violation of the FDCPA and RFDCPA. FAC ¶¶ 32, 34, 70. In response to an earlier motion to dismiss, Bartell filed both a response and the FAC. Defendants were then ordered to direct any responsive pleadings to the FAC, resulting in the present motion brought by NCT and NCO.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in

the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

A. <u>Fair Debt Collection Practices Act Claim Against NCO</u>

To state a claim alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), a plaintiff must show: "(1) that [s]he is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). NCT and NCO contest only whether Bartell has made allegations sufficient to sustain a claim against NCO as to the third and fourth elements.

*1. NCO as "Debt Collector"*

NCT and NCO assert in a footnote to their motion that NCO is not a "debt collector" "as it relates to Bartell's account." Mot. to Dismiss, n. 2. The FDCPA, however, defines a "debt collector" as any person whose principal purpose of business is to collect debt, or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due." 15 U.S.C. § 1692a(6). The term "debt collector" is not limited to formal debt collection agencies. *See, e.g.*, *Heintz v. Jenkins*, 514 U.S. 291, 292, (1995) (including within the definition of a "debt collector" a lawyer who regularly, through litigation, tries to enforce consumer debts). Indeed, Congress intended the scope of the FDCPA "to cover all third persons who regularly collect debts for others." S.Rep. No. 95–382, 95th Cong. 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697–98 (stating that "[t]he requirement that debt collection be done 'regularly' . . . exclude[s] a person who collects debt for another in an isolated instance, but . . . include[s] those who collect [debts]

1   for others in the regular course of business.").  Therefore, an entity may qualify as a "debt

2   collector" if it regularly performs debt collection services, regardless of what percentage of its

3   services relate to debt collection.  *See* S.Rep. No. 95–382, at 3; *see also Romine v. Diversified*

4   *Collection Servs., Inc.*, 155 F.3d 1142, 1146 (9th Cir.1998) ("Had Congress intended to limit the

5   Act to licensed or registered collection agencies, it would have confined the statutory language to

6   businesses for which debt collection is the 'principal purpose.' ").

7       Here, Bartell alleges that NCO regularly performs debt collection activities.  Whether NCO

8   is party to the state court suit or what other actions it has taken regarding debt collection from

9   Bartell specifically is, therefore, of no consequence under the third element mentioned above.  For

10   the purposes of this disposition, therefore, NCO is a "debt collector" as defined by 15 U.S.C. §

11   1692a(6). [3]

12       *2.   Whether NCO Is Sufficiently Alleged to Have Violated FDCPA Provisions*

13       Bartell claims that collectively, defendants' efforts to collect the purported debt—

14   specifically the phone call F&P placed on NCT's behalf, the filing of a false proof of service, and

15   the misleading nature of the complaint—violated various provisions of the FDCPA set forth in 15

16   U.S.C. §§ 1692d, e, and f.  Section 1692d prohibits "any conduct the natural consequence of

17   which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15

18   U.S.C. § 1692d, including placement of a phone call without meaningful disclosure of the caller's

19   identity, *id.* § 1692d(6).

20       Section 1692e of the FDCPA broadly prohibits the use of "any false, deceptive, or

21   misleading representation or means in connection with the collection of any debt," and offers a

22   non-exhaustive list of sixteen practices that violate this general prohibition.  Bartell relies on

23   several, including those which proscribe misrepresenting the nature, amount or status of a debt;

24   falsely implying or representing involvement of legal counsel; threatening action that cannot

25

26   [3] It is worth noting, contrary to NCO and NCT's assertion that the FDCPA claim addresses only
    NCO because it is the only alleged debt collector, that Bartell clearly avers that each defendant,
27   including NCT, P&F, and Kahn, is a debt collector within the meaning of the FDCPA.

28
                                    ORDER DENYING MOTION TO DISMISS
                                    CASE NO.  14-cv-04238-RS

1    legally be taken; failing to disclose in an initial oral communication that a collector aims to collect

2    on a debt; and misrepresenting the legitimacy or source of a communication. *See id.* § 1692e(2),

3    (3), (5), (9), (10), (11).  In addition, section 1692f prohibits the use of "unfair or unconscionable

4    means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.  The principle governing the

5    Ninth Circuit's evaluation of claims under these provisions is: would the least sophisticated debtor

6    "likely be misled" by a communication from a debt collector. *Swanson v. Southern Oregon Credit*

7    *Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wade v. Regional Credit Association*, 87 F.3d

8    1098, 1099–1100 (9th Cir. 1996).

9         According to Bartell, all defendants, including NCO, violated these provisions as each

10   other's agents and joint venturers, such that each is vicariously liable for actions taken by the

11   others.  As for NCO's own behavior, Bartell avers that as NCT's subservicer and custodian of its

12   records, NCO enabled and participated in these violations by hiring P&F and providing it with

13   information about Bartell to support NCT's civil suit.  Specifically, NCO furnished Bartell's

14   residence address information and produced an affidavit that was filed in the state court action.

15        NCT and NCO maintain that because NCO is not a named party to the state court action

16   and engaged in no "actual and direct 'communication'" with Bartell, it cannot be held liable for

17   any of the harm Bartell allegedly suffered. *See* Mot. to Dismiss, p. 7.  Under the FDCPA,

18   however, communication is defined as "the conveying of information regarding a debt directly *or*

19   *indirectly* to any person through any medium." 15 U.S.C. 1692a(2).  Moreover, many of the

20   FDCPA provisions Bartell avers defendants violated do not require "communication" at all;

21   section 1692e(10), for example, proscribes merely the "*use* of any false representation or *deceptive*

22   *means*" to attempt debt collection.  Nowhere is it apparent that direct communication is an element

23   of this provision, and NCO and NCT offer no authority showing otherwise.  Nor do they

24   demonstrate why NCO may not be held vicariously liable for actions taken by P&F. *See Fox v.*

25   *Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (attributing the actions of an

26   attorney to the client on whose behalf they were taken); *Newman v. Checkrite California, Inc.*, 912

27   F. Supp. 1354, 1371 (E.D. Cal. 1995) (imputing vicarious liability for conduct violating the

28

United States District Court
Northern District of California

ORDER DENYING MOTION TO DISMISS
CASE NO. 14-cv-04238-RS

6

1    FDCPA according to agency theory).  A favorable reading of Bartell's complaint does not,

2    therefore, preclude NCO's liability on the grounds NCT and NCO advance.

3            B.    Rosenthal Fair Debt Collection Practices Act and California's Litigation Privilege

4            The Rosenthal Fair Debt Collection Practices Act is California's counterpart to the

5    FDCPA, and incorporates sections of that federal statute. Cal. Civ. Code § 1788.17.  As under the

6    FDCPA, a Rosenthal plaintiff must establish that (1) she is a "debtor" under section 1788.2(h),

7    (2) the debt at issue is a "consumer debt" under section 1788.2(f), (3) the defendant is a "debt

8    collector" under section 1788.2(c), and (4) the defendant violated one of the liability provisions

9    of the RFDCPA.  NCO and NCT contend that because Bartell's claim under the Rosenthal Act

10   arises only from communications made in furtherance of a judicial proceeding, it is barred by

11   California's litigation privilege.

12          Section 47(b) of the California Civil Code indeed provides in relevant part that "[a]

13   privileged publication or broadcast is one made . . . [i]n any . . . judicial proceeding . . . ." Cal.

14   Civ. Code § 47(b); *see Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) (interpreting the

15   privilege to apply to any communication made in a judicial or quasi-judicial proceeding by

16   litigants or other authorized participants to achieve the objects of the litigation and that bears

17   some logical connection to the action).  The California Court of Appeal has recognized that the

18   privilege cannot be applied to shield violators of the RFDCPA from culpability, for to do so when

19   the two conflict "would effectively vitiate the Rosenthal Act and render the protections it affords

20   meaningless."  *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 338

21   (2009).[4]

22

23   _____

24   [4] NCO and NCT rely on a minority line of district court cases concluding otherwise.  *See e.g.,*
     *Boon v. Professional Collection Consultants*, 978 F. Supp. 2d 1157 (S.D. Cal. 2013); *Reyes v.*
     *Kenosian & Miele, LLP*, 525 F.Supp.2d 1158 (N.D. Cal. 2007).  A significant majority of federal
25   district courts have, however, followed *Komarova*'s logic, especially in light of the fact that the
     RFDCPA is a "remedial statute" that ought to be interpreted broadly "in order to effectuate its
26   purpose."  *See Holmes v. Electronic Document Processing, Inc.*, 966 F. Supp. 2d 925, 937 (N.D.
     Cal. 2013) (aggregating cases); *see also Heintz v. Jenkins*, 514 U.S. 291, 297 (1995) (holding that
27   the FDCPA may apply to attorneys acting to collect debts, even in the litigation context).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

To bar at the pleading stage Bartell's allegations that defendants filed a falsified proof of service and a misleading complaint in order to collect on a debt would undermine the gravamen of the RFDCPA, inviting predatory debt collectors to abuse litigation procedures while hiding behind a far too expansive shield.  In light of *Komarova* and its progeny, therefore, Bartell's claims are not barred at this juncture.  Moreover, P&F's alleged voicemail message gives rise to RFDCPA claims unrelated to the superior court case, and therefore may advance irrespective of the litigation privilege.

C.  Superior Court Complaint and The "Least Sophisticated Consumer" Standard

NCO and NCT further advocate for dismissal of Bartell's allegation that NCT's superior court complaint fails the "least sophisticated consumer" standard.  According to Bartell, the complaint violates the FDCPA and RFDCPA in that it falsely alleges Bartell entered a written agreement with NCT, also names NCT as an "assignee," fails to identify the original creditor, "misrepresent[s] the character, amount and legal status of the alleged debt," and attempts to collect a nonexistent debt.  FAC ¶¶ 30, 34, 49.

NCO and NCT argue that exhibits appended to their motion—which, they represent, include a copy of a loan agreement between Bartell and Citizens Bank of Rhode Island and a "pool supplement" showing the loan was transferred to NCT—belie Bartell's claim that NCT's complaint is misleading.  *See* Richard Decl. Exhs. A, B.  Essentially, they argue that having signed a contract with Citizens Bank of Rhode Island, Bartell could not have later been misled by litigation filed to collect damages for its breach.

Such evidence is, however, inappropriate for review at this juncture.  When resolving a motion to dismiss for failure to state a claim, review is generally limited to the four corners of the complaint.  *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  The court may, however, look to attached exhibits, *see Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents incorporated by reference into the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Documents upon whose contents the complaint necessarily relies—even if the

complaint does not explicitly allege their contents—and whose authenticity and relevance are uncontested, are considered incorporated by reference.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).  The court may, in addition, take into account material that is properly the subject of judicial notice.  *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001).  Judicial notice may be taken of a fact not subject to reasonable dispute because it either is generally known within the trial court's territorial jurisdiction, or can be readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

NCO and NCT's exhibits are neither appropriate subjects of judicial notice nor are they incorporated by reference into the complaint.  Bartell disputes that she entered any loan agreement at all, exclusively referring in the FAC to the debt as "alleged" and "nonexistent"—let alone one with Citizens Bank of Rhode Island.  The validity of these documents is, therefore, hardly uncontested.  While NCT and NCO may file a motion for summary judgment if the facts they attempt to demonstrate here prove undisputed, these exhibits are not appropriate for consideration at this juncture.

Moreover, whether or not the superior court complaint fails the "least sophisticated consumer" standard in all the respects Bartell identifies, the Ninth Circuit has held as a matter of law that failure to identify the original creditor in a complaint seeking damages for defaulting on a debt may give rise to a claim under the FDCPA.  *See Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1120-23 (9th Cir. 2014) (finding that misidentification of the original creditor in letters and a state court complaint constituted FDCPA violations).  Under the "least sophisticated consumer" standard, the question determinative of FDCPA liability is whether the defendant offered up "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).  As *Tourgeman* reasoned, failure to furnish the original creditor's identity is a "critical" omission which "could easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort"—by, for example, hampering the debtor from apprising legal counsel of

relevant circumstances or inciting confusion as to whether responding will resolve the debt with the original creditor. 755 F.3d at 1123. The stakes of losing opportunities to settle a debt are even higher when the consumer faces a possibility of default judgment, as did Bartell, rather than the mere continuation of collection attempts. *See id.*

The copy of the superior court complaint appended to the FAC, the authenticity of which NCO and NCT do not contest, includes no information about the original creditor. It alleges an agreement struck directly between Bartell and NCT, while also referring to NCT as an assignee. According to NCT and NCO's own assertions, NCT was the assignee of the purported agreement. As such, it was obligated to identify the original creditor in collection efforts against Bartell. The state court complaint therefore fails to meet the least sophisticated consumer standard, and supports Bartell's claims under the FDCPA and RFDCPA.

## V. CONCLUSION

For the aforementioned reasons, NCO and NCT's motion to dismiss is denied.
**IT IS SO ORDERED**.

Dated: April 27, 2015

_____
RICHARD SEEBORG
United States District Judge